UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| PETER FRANK AMIET and | : | |
| CAROL ANN AMIET a/k/a | : | Bankruptcy No. 04-34083DWS |
| CAROL A. AMIET-HODANISH, | : | |
| | : | |
| Debtors. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, Chief United States Bankruptcy Judge**

Before the Court is the pro se "Debtors Motion for Contempt" (the "Motion") of the Debtors, Peter and Carol Amiet ("Debtors"), against Barry W. Linington ("Linington") and his attorney Giovanna M. Raffaelli ("Raffaelli" and collectively with Linington, the "Defendants") for willfully violating the automatic stay. Following a hearing on this matter, I took the matter under advisement and granted the parties the opportunity to submit post-hearing briefs. Upon consideration and for the reasons set forth below, the Motion is denied. While I find that Defendants have willfully violated the automatic stay, for the reasons that follow I find that Debtors have not proven any damages to be attributed to that conduct.

**FINDINGS OF FACT**

Debtors are the former owners of real property located at 942 Weber Drive, Yardley, Pennsylvania (the "Property"), which Linington purchased at a sheriff's sale on July 9, 2004. The deed conveying the Property to Linington was filed September 7, 2004. As the Debtors were still occupying the Property, Linington filed a Landlord and Tenant Complaint[1] against the Debtors on October 5, 2004 in the District Court for Bucks County Magisterial District 01-1-11 (the "State Action" and the "State Court," respectively), seeking possession of the Property and damages for lost rents and profits. Exhibit A to Memorandum of Law of Barry W. Linington in Opposition to Debtors' Motion for Contempt ("Lin. Mem.").[2]

A hearing was scheduled in the State Action on October 19, 2004, but was stayed when Debtors filed the instant bankruptcy case on October 18, 2004. On October 21, 2004 Linington filed a Motion for Relief from the Automatic Stay (the "Relief Motion"). Given that Debtors' interest in the Property was one of only bare possession, the Court signed the form order accompanying the Relief Motion, which granted Linington, *inter alia*,

---

[1] No lease existed between Debtors and Linington. Rather, Linington viewed Debtors as tenants at sufferance.

[2] Debtor has not objected to the authenticity of the documents attached to Linington's memoranda, all of which are pleadings and orders in the State Action. In any case, judicial notice of public filings is appropriate under Federal Rule of Evidence 201(b)(2). See Oran v. Stafford, 226 F.3d 275, 289 (3d Cir.2000). A court may take judicial notice of adjudicative facts "not subject to reasonable dispute ... [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995)(citing Fed.R.Evid. 201(f) advisory committee note (1972 proposed rules).

"relief to exercise all remedies available under state law as to the Property." Order dated November 11, 2004 (the "Relief Order").

Armed with the Relief Order, Linington proceeded with the State Action. A hearing was held on December 2, 2004 and a judgment was entered against the Debtors that same day (the "State Judgment"). Trial Exhibit L-1; Exhibit B to Lin. Mem.[3] The State Judgment grants possession of the Property to Linington and damages for lost rent (at a monthly rate of $2,000) against the Debtors in the amount of $6,000, plus costs and fees. Id. Defendants concede that the State Judgment includes both pre-petition and post-petition rent damages.

Debtors vacated the Property on December 27, 2004, leaving personal property behind. On January 18, 2005, Linington filed a Request for Order of Execution with the State Court (the "Execution Request"). Trial Exhibit L-2; Exhibit C to Lin. Mem. Linington sought only $5,120, plus interest, fees, and costs. Rafaelli testified that this lesser amount represents a calculation of rent from the day after the bankruptcy petition to the date Debtors vacated the property. The State Court entered the Order of Execution on January 18, 2005 in the amount requested and directed the sheriff to levy Debtors' personal property as allowed under Pennsylvania law. Exhibit C to Lin. Mem. The execution sale was scheduled for January 26, 2005. Exhibit 3 (unnumbered) to Motion.

---

[3] Exhibit L-1, which is the judgment order against Carol Amiet is undated. Exhibit B to the Linington Memorandum is the identical judgment, but is against Peter Amiet and is dated 12/02/04. Raffaelli testified that both judgments were entered on December 2, 2004.

-3-

Mr. Amiet testified that sometime in mid-January, Linington (through counsel) told Mrs. Amiet that Debtors could pick up their personalty if they paid $6,000, the full State Judgment amount, to Linington. R. at 25. I do not find this testimony credible. First, his knowledge of this conversation is not first-hand, but rather is hearsay from Mrs. Amiet, who did not testify.[4] Moreover, this allegation was specifically refuted by Rafaelli, who credibly testified that she represented to Mrs. Amiet only that Linington would reconsider levying upon the personalty if the Debtors would pay the post-petition amount due. R. at 48-49. Her testimony is consistent with the Execution Request, which seeks only post-petition rent.

On January 19, 2005 Debtors filed an Objection to Levy Property Claim, objecting to the levy of their personal property (the "Levy Objection"). Exhibit 1 (unnumbered) to Motion; Exhibit D to Lin. Mem. The Levy Objection specifically, if inartfully, raised the issue of this pending bankruptcy case as an obstacle to any levy of Debtors' personalty. The following day Debtors filed the instant Motion in this Court, along with a motion for a temporary restraining order and a request to hear the Motion on an expedited basis (the "Expedited Motion"). I denied the Expedited Motion, noting that the State Court had concurrent jurisdiction to determine whether a violation of the automatic stay would occur if the levy were to proceed. Order dated January 21, 2005. The Motion was scheduled in the ordinary course for February 28, 2005.

---

[4] Mr. Amiet's first attempt to place this allegation on the record was objected to by Linington on hearsay grounds. I sustained the objection. R. at 18. However, when Mr. Amiet brought it in again, Linington's counsel did not object and therefore the allegation is in the record and must be addressed.

On January 25, 2005, the State Court heard argument on the Levy Objection. No recording or transcription of that hearing was made, but Raffaelli credibly testified that the State Court listened to argument by the parties and determined that the automatic stay was not implicated by the execution proceedings, including levy of the personalty on the Property. R. at 52-54. This testimony is consistent with Mr. Amiet's testimony as to the Levy Objection hearing.[5] The State Court therefore denied the Levy Objection. Exhibit E to Lin. Mem. The levy sale was subsequently held and various personalty was sold.[6]

**DISCUSSION**

Framing the issues raised by the Motion is somewhat difficult because of Debtors' *pro se* status. However, from the Motion and Mr. Amiet's colloquy and testimony at the hearing, it appears that Debtors are claiming the State Action, State Judgment, and/or the subsequent execution proceedings violated the automatic stay by seeking and awarding judgment on pre-petition claims. Motion at 5 (unnumbered) ¶¶ 20-21; R. at 4.[7] I therefore

---

[5] Mr. Amiet specifically noted that the State Court judge was constantly asking "are you sure we're on the right line, do you have any papers to support this." R. at 15. While he viewed this as a bias toward Linington, it seems clear to me that the State Court judge was conducting a through inquiry, consistent with Ms. Raffaelli's recollection of the hearing.

[6] The record is not entirely clear on what items were sold and what items Debtors were allowed to remove from the Property. These facts are not, however, relevant to the decision reached herein.

[7] The Motion also appears to assert Debtors' belief that the State Judgment was discharged in this bankruptcy case, implying a violation of the discharge injunction of 11 U.S.C. § 524. I take judicial notice of the fact that a discharge order has not yet been entered in this bankruptcy case, thus § 524 is not implicated. Moreover, any discharge that Debtors may obtain

begin by addressing the provisions of the Bankruptcy Code relevant to Debtors' allegations.

Upon the filing of a bankruptcy petition, an automatic stay is created against, *inter alia*:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> . . .
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1).[8] These provisions clearly prohibit a creditor from pursuing judgment or enforcement of claims that arose pre-petition. An act done in violation of the stay, absent relief from the bankruptcy court, is a nullity and may be deemed void by the court, In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994) (*citing* Maritime Electric Co. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir.1991)(any creditor action taken in violation of an automatic stay is void ab initio)). See also In re Ward, 837 F.2d 124 (3d Cir. 1988).

---

will be limited to debts that arose before the date of their petition. 11 U.S.C. § 727(b). While the State Action was filed pre-petition and includes a claim for rent damages prior to the bankruptcy, the State Judgment also includes post-petition rent damages. The latter will not be discharged in this bankruptcy case.

[8] The Motion alleges that there was no "post-bankruptcy" judgment. Motion at 5(unnumbered). I take judicial notice of the fact that the State Judgment was entered post-petition. Thus, the prohibition of § 362(a)(2) against enforcing pre-petition judgments is not applicable here.

The State Action sought, and the State Judgment granted, the following relief: (1) ejection of the Debtors from the Property;[9] (2) rent damages for the period of Debtors' wrongful occupancy <u>after</u> the date Debtors filed their bankruptcy petition (the "Petition Date"); and (3) rent damages for the period of Debtors' wrongful occupancy <u>before</u> the Petition Date. Exhibits A-B to Lin. Mem.; Trial Exhibit L-1.

To the extent that Defendants pursued and were awarded damages for Debtor's occupancy of the Property <u>after</u> the Petition Date, actions in pursuit of post-petition damages do not trigger the automatic stay. E.g. <u>Matter of Penn Cent. Transp. Co.</u>, 71 F.3d 1113, 1117 (3d Cir. 1995) (claims arising post-petition are nondischargeable, hence the automatic stay is inapplicable).[10] Defendants' recognition of this axiom is apparent by the fact that they executed only upon the portion of the State Judgment constituting post-petition damages.

There is no question, however, that the State Judgement also awarded pre-petition rent, notwithstanding that the subsequent Execution Request did not seek such damages. "The maintenance of an active collection action alone adequately satisfies the statutory prohibition against 'continuation' of judicial actions." <u>Eskanos & Adler, P.C. v. Leetien</u>,

---

[9] Debtors do not assert that their ejection from the Property violated the automatic stay, presumably recognizing that Defendants' pursuit of such relief was authorized by the Relief Order.

[10] Defendants argue that their pursuit of damages was authorized by the Relief Order's granting relief to Linington to "exercise all remedies available under state law as to the Property," asserting that rent damages are remedies as to the Property. Lin. Mem. at 11-12. As defendants have never asserted they were entitled to pre-petition rent, I construe that argument as addressed to only the post-petition rent damages. Given my finding that the automatic stay was not triggered by their pursuit of this remedy, I need not address the Relief Order argument.

309 F.3d 1210, 1215 (9th Cir. 2002). Indeed many courts emphasize the obligation of creditors to take <u>affirmative action</u> to terminate or undo any action that violates the automatic stay. E.g. <u>Johnston v. Parker (In re Johnston)</u>, 321 B.R. 262, 283 (D. Ariz. Feb. 11, 2005) (citing cases). Defendants' failure to take affirmative action to amend the State Action or the State Judgment to eliminate pre-petition rent damages constitutes a violation of § 362(a)(1).[11] As a result, the portion of the State Judgment that grants pre-petition damages is void and unenforceable. <u>In re Siciliano</u>, <u>supra</u>, 13 F.3d at 751.

Having found that Defendants violated the automatic stay, the Court is also mandated to award any actual damages if the violation was willful. 11 U.S.C. § 362(h) ("An individual injured by any willful violation of a stay provided by this section <u>shall</u> recover actual damages . . ."). "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." <u>In re Atlantic Business and Community Corp.</u>, 901 F.2d 325, 329 (3d Cir. 1990) (*quoting* <u>In Re Bloom</u>, 875 F.2d 224, 227 (9th Cir.1989)). There is no question that Defendants knew of the automatic stay, having sought and obtained the Relief Order to proceed with ejectment. Nor is there any question that they intended to and did in fact proceed to the State Judgment that violated the automatic stay notwithstanding that they

---

[11] Defendants could have easily amended the landlord-tenant complaint at the hearing on December 2, 2004. See Pa. R.C.P.D.J. 316 ("Amendments to the complaint may be made only at the hearing in the presence of the adverse party or his representative").

subsequently sought execution only upon post-petition damages. Thus, their violation was willful within the meaning of § 362(h).

That said, it is equally clear that Debtors were not injured as a result of the stay violation. While a judgment was entered against them that includes pre-petition damages, Debtors are protected by § 362, which renders void that portion of the State Judgment. Nor did Defendants make any attempt or indicate any future attempt to execute upon the pre-petition damages granted by the State Judgment. Finally, any expenses incurred by Debtors in defending the State Action would have been incurred in any case upon the ejection and post-petition damages claims.[12] The Defendants' stay violation is the quintessential "no harm, no foul."

Section 362(h) also grants the Court discretion to award punitive damages. The Court is to consider (1) the nature of the respondent's conduct; (2) the respondent's ability to pay; (3) the respondent's motives; and (4) any provocation by the debtor. In re B. Cohen & Sons Caterers, Inc., 108 B.R. 482, 487 (E.D. Pa. 1989), reconsideration denied, 1991 WL 17874 (E.D. Pa Feb. 13, 1991), aff'd, 944 F. 2d 896 (3d Cir. 1991); In re Wagner, 74 B.R. 898, 905 (Bankr. E.D. Pa. 1987). Such awards are a response to particularly egregious conduct and are, according to the Third Circuit Court of Appeals, "reserved for cases in which the defendant's conduct amounts to something more than a bare violation justifying compensatory damages or injunctive relief." Cochetti v.Desmond, 572 F.2d 102, 106 (3d

---

[12] Moreover, as Debtors were *pro se* in the State Action, they did not accrue any legal fees or expenses in defending against it.

Cir. 1978). Here, Defendants' violation was more in the nature of a technical violation. There is no evidence that Debtors raised the stay issue at the hearing on December 2, 2004, giving Defendants the opportunity to amend the complaint to eliminate the violation. The State Judgment is unenforceable as to pre-petition damages, and Defendants have not nor do they intend to execute upon those damages. Defendants' stay violation was at worst inadvertence, which falls far short of the egregious conduct for which punitive damages are reserved.

      To the extent that Debtors claim the execution proceedings following the State Judgment violated the automatic stay, this position is untenable. Defendants' execution in furtherance of post-petition rent damages fails to implicate the automatic stay for the same reasons discussed above with respect to the State Judgment. As to the pre-petition damages granted by the State Judgment, Defendants have not sought to collect those and specifically tailored the Execution Request to exclude such damages, therefore ensuring no stay violation with respect to execution.[13]

---

[13] Because I find no stay violation via the execution proceedings, I need not address the Defendants' argument that I am bound by the State Court's determination of these issues on January 25, 2005.

For the foregoing reasons, the Motion will be denied. An Order consistent with this Memorandum Opinion shall be entered.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Dated: May 20, 2005

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| PETER FRANK AMIET and | : | |
| CAROL ANN AMIET a/k/a | : | Bankruptcy No. 04-34083DWS |
| CAROL A. AMIET-HODANISH, | : | |
| | : | |
| Debtors. | : | |

## **ORDER**

**AND NOW**, this 20th day of May, 2005, upon consideration of the "Debtors Motion for Contempt" (the "Motion") of the Debtors, Peter and Carol Amiet ("Debtors"), against Barry W. Linington ("Linington") and his attorney Giovanna M. Raffaelli ("Raffaelli" and collectively with Linington, the "Defendants") for willfully violating the automatic stay, upon notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** that the Motion is **DENIED**.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Copies to:

Peter Frank Amiet
Carol Ann Amiet
1322 Neshaminy Valley Dr.
Bensalem, PA 19067[1]

Giovanna M. Raffaelli, Esq.
250 N. Pennsylvania Avenue
Morrisville, PA 19067

Daniel P. Mazo, Esquire
250 N. Pennsylvania Avenue
Morrisville, PA 19067

Michael H. Kaliner, Esquire
Jackson Cook Caracappa & Bloom
312 Oxford Valley Rd.
Fairless Hills, PA 19030

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street , Suite 500
Philadelphia, PA 19107

---

[1] My review of the docket indicates that Debtors have not updated their address of record. Therefore, the Court will send a courtesy copy from chambers to the address testified to by Mr. Amiet at the hearing held February 28, 2005.